IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY COCHRAN, | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-277-GPM |
| | ) |
| ABSOLUTE HEALTH CARE SERVICES, | ) |
| | ) |
|          **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on Defendant's motion for summary judgment (Doc. 21). Plaintiff, Emily Cochran, filed this action seeking relief for race discrimination and retaliation under Title VII. The Court heard arguments on the motion November 1, 2010. For the reasons outlined below and on the record, Defendant's motion is **GRANTED.**

### BACKGROUND

On summary judgment, the Court considers the facts in a light most favorable to the non-moving party and adopts reasonable inferences and resolves doubts in favor of that party. *Nat'l Athletic Sportswear, Inc., v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008). Plaintiff is African American and is a certified nursing assistant (CNA) hired by Defendants in April 2007. Defendant's organization provides CNAs to clients. Plaintiff's first placement through Defendant was for Meridian Village nursing home in Glen Carbon, Illinois. Plaintiff was pulled off this job on May 4, 2007. Defendant maintains that Meridian Village staff requested Plaintiff's removal due to unprofessional conduct, but Plaintiff states that she was unaware of any complaints and received

only positive feedback. On an unspecified date after Plaintiff started work for Defendant, she overheard her manager at Absolute Healthcare ask Plaintiff's coworker whether that coworker "knew any good CNAs that ain't black." (Doc. 24). After overhearing these comments, Plaintiff met with her supervisors on May 18, 2007. At this meeting, Plaintiff says she complained about the racially charged comment. After the meeting, Defendant offered Plaintiff two different job opportunities: one job near East Alton, Illinois, and a second job giving baths in Edwardsville, Illinois. Plaintiff reported for work one day at the first job, but left early and did not return. She explained that she wanted to watch her daughter's cheerleading activity and that the job was outside of her preferred area. Plaintiff refused the job in Edwardsville, stating that it was not economically viable to travel for a bathing-only job. After these two failed job opportunities, Plaintiff informed Defendant that she would seek work elsewhere.

## ANALYSIS

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted).

As will be discussed in greater detail below, here, Plaintiff has not met her burden of presenting any "definite, competent evidence to rebut the [Defendant's] motion." *Id*. As a result, the Defendant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c).

The factual discrepancy related to Plaintiff's removal from Meridian is immaterial to the analysis. Even assuming Plaintiff's version of events is true, her removal from Meridian is not the basis for her Title VII claims, nor does she claim that her removal from Meridian was racially motivated. Instead, Plaintiff argues that after her removal from Meridian she confronted Defendant about the racial remark and that Defendant consequently provided her with geographically and financially undesirable job placements.

"A plaintiff asserting a claim of discrimination or retaliation under Title VII may choose to prove her case under either the direct or indirect method." *Hill v. Potter,* 2010 WL 3385194 at *2 (7th Cir. 2010), *citing Poer v. Astrue,* 606 F.3d 433, 439 (7th Cir. 2010). Here, as alluded to in her opposition to Defendant's motion for summary judgment, and as forcefully stated by her attorney at the hearing on Defendant's motion, Plaintiff proceeds under the direct method (Doc. 24). Under the direct method, the plaintiff must present direct or circumstantial evidence that "creates a convincing mosaic of discrimination on the basis of race." *Winsley v. Cook County,* 563 F.3d 598, 604 (7th Cir. 2009). "Under the direct method, a plaintiff makes out a *prima facie* case by showing (1) that she engaged in statutorily protected activity, (2) that she suffered an adverse action taken by her employer, and (3) a causal connection between the two." *Jones v. Res-Care, Inc.,* 613 F.3d 665, 671 (7th Cir. 2010).

Plaintiff fails to support a *prima facie* case. Even assuming that a complaint about her supervisor's racial remark during the May 18, 2007 meeting was a statutorily protected activity ( an

equally reasonable interpretation is that the supervisor was only apishly recounting a potential client's expressed preference), Plaintiff has not shown an adverse action or a causal connection. She concedes that Defendant continued to arrange job opportunities for her. Regardless of whether or not those job opportunities were as attractive to Plaintiff as she would have liked, the fact remains that Plaintiff never offered any evidence that white employees of Defendant were offered better job opportunities than she was. Such circumstantial evidence could have supported her claims. *See Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 915-16 (7th Cir. 2010) (finding that circumstantial evidence of a disparity in treatment between the black plaintiff and a comparable white employee, taken together with evidence that defendant's grounds for firing plaintiff were insincere, created a triable issue). The Court notes that even were Plaintiff to proceed under the indirect method of proof, the dearth of evidence that she was treated less favorably than a similarly situated employee would entitle the Defendant to summary judgment.

What the record in this case does show is that Plaintiff showed up to work at a job arranged for her by Defendant only to leave prematurely to watch a cheerleading activity. "[A]ny inference of a causal link between" Plaintiff's alleged complaints of discriminatory remarks and her subsequent failure to perform in the job opportunities provided for her by Defendant "would be based on speculation or conjecture, and such inferences are beyond the scope of our obligation to the nonmovant." *Argyropoulos v. City of Alton,* 539 F.3d 724, 734 (7th Cir. 2008) (citations and quotations omitted).

## **CONCLUSION**

Plaintiff's claim "fails under the direct method because she did not produce evidence from which a jury could conclude that the [Defendant] subjected her to discriminatory treatment because

of her race." *Winsley v. Cook County,* 563 F.3d 598, 605 (7th Cir. 2009). Plaintiff's claims of discrimination and retaliation have no merit and judgment for the Defendant is appropriate, as a matter of law. Therefore, the Court **GRANTS** the Defendant's Motion for Summary Judgment (Doc. 21), and **DISMISSES with prejudice** Plaintiff's Complaint (Doc. 2) against Defendant in its entirety. Defendant shall recover costs from Plaintiff.

**IT IS SO ORDERED.**

DATED: 11/03/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge